# CASES

## FIRST DISTRICT

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1907.

### Mason Lumber Company v. Paxton & Lightbody Company.

#### Gen. No. 13,320.

VENDOR AND VENDEE—*when latter liable for full purchase price.*
*Held*, that the vendee in this case, having accepted the merchandise
in question from the vendor, was liable for the full purchase price
thereof to such vendor, notwithstanding the vendee may actually
have paid something upon account of the same merchandise to
another party from whom he had supposed the delivery to have
proceeded.

Assumpsit. Appeal from the Superior Court of Cook County; the
Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch
Appellate Court at the October term, 1906. Reversed and remanded.
Opinion filed October 18, 1907.

ATWOOD, PEASE & LOUCKS, for appellant.

JOHN E. WATERS, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellant brought suit in assumpsit against appellee in
the Superior Court to recover for two carloads of lumber sold
and delivered by appellant to appellee. The declaration

filed was the common counts, to which was filed a plea of the general issue.    The jury returned a verdict for the defendant and judgment was entered on the verdict.

The record shows no substantial controversy of fact.    It appears that in March, 1903, one Hemphill, an agent of James A. Carey of Chicago, who was doing business under the name of the Yellow Pine Lumber Company, called at the office of appellant and gave it an order in writing for a large amount of lumber to be shipped to appellee at Chicago, Illinois.    The invoices and bills of lading for the lumber were to be sent to Carey, Chicago, who, he said, would remit to appellant on receipt of the same.    Nine dollars per thousand feet was the contract price.    This was also the fair cash market value.    Appellant shipped one carload of the lumber.    A remittance for the same was not made according to the contract.    Appellant then refused to ship any more lumber on the contract and so informed Hemphill.    Hemphill then made a new agreement with appellant, directing it to send the balance of the lumber, with the bills of lading and invoices, to appellee.    This was done by changing the directions on the original order, appellant accepting the new order.

On this order appellant shipped two carloads of the lumber to appellee.    The original bills of lading for the two carloads were attached to the invoices for the same and were mailed to the National Bank of Commerce, Hattiesburg, Mississippi.    At the bottom of each invoice was written the words: "Pay to National Bank of Commerce, Hattiesburg, Mississippi.    Mason Lbr. Co."    The invoice for each car, attached to the bill of lading therefor, was sent by the National Bank of Commerce to appellee, requesting payment. The bank some time afterwards received a reply from appellee stating that it had paid the money to James A. Carey. Appellee delivered the bills of lading to the railroad company and received the lumber.    Appellant, not having received payment for the lumber, brought this suit to recover the purchase price.

The position taken by appellee is that Hemphill was not

its agent; that he was the agent of Carey, of whom it had ordered the lumber, and that the invoices and the directions thereon to pay the bank were not sufficient notice to it that the lumber was shipped by appellant, and that the purchase price thereof was to be paid to the bank as the agent of appellant.

Under the facts shown by the record this contention cannot be sustained. In our opinion the invoices and the directions indorsed thereon by appellant gave appellee full notice that the lumber was sold and shipped by appellant and that payment therefor was to be made to the bank as its agent. Appellee, upon receiving the invoices and bills of lading, had the right to accept the lumber and pay for it as directed on the invoices, or to refuse to take the lumber. It accepted the lumber from appellant, and is liable to appellant for the value of the lumber.

The third instruction given by the court at the request of appellee is as follows:

"If the jury believe from the evidence defendant paid to J. A. Carey any money as payment on account of the purchase from said Carey of the lumber in question, under an agreement to buy the same from Carey, without full notice and knowledge of the purchase of said lumber by said Hemphill on said defendant's account, and that said Hemphill or plaintiff neglected to furnish defendant with full and requisite information of the purchase of said lumber by Hemphill as the agent of defendant, and that defendant had no such information or an opportunity to disapprove of the act of said Hemphill before he paid said Carey said sum of money, then the plaintiff cannot recover herein to the amount of the payments you believe defendant so made to Carey on account of the shipment of said lumber."

Error is assigned upon this instruction.

The instruction told the jury that appellee's liability for the lumber depended upon full notice and knowledge of the purchase of the lumber by Hemphill on appellee's account. This is not the law of this case and was misleading. The jury could not do otherwise under this instruction than find

for the defendant, appellee, for the record shows that appellee had no knowledge of Hemphill or what he had done in the purchase of the lumber. Appellee had full notice, however, that appellant had shipped the lumber and that it was directed to pay the bank therefor if it accepted the lumber. The instruction tells the jury that notice of facts to appellee sufficient to put it on inquiry was not sufficient, but that it must have "full notice and knowledge." The giving of the instruction was reversible error.

The court also erred in refusing the instructions requested by appellant. We think they presented the law of the case and should have been given.

For the reasons given the judgment is reversed and the cause is remanded.

*Reversed and remanded.*